Richard A. MELLICK, Plaintiff,

v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, United States of America, Defendant.

Civ. A. No. 74-341.

United States District Court,
W. D. Pennsylvania.

April 19, 1976.

Joseph A. DelSole, John L. Doherty, Pittsburgh, Pa., for plaintiff.

James S. Bukes, Dist. Counsel, Equal Employment Opportunity Commission, Pittsburgh, Pa., S. Jennifer Johnson, John J. Pagano, Legal Counsel Div., Equal Employment Opportunity Commission, Washington, D. C., for defendant.

## OPINION

GOURLEY, Senior District Judge:

This is a civil rights proceeding filed by the plaintiff, Richard A. Mellick, against the defendant, Equal Employment Opportunity Commission, for discrimination in employment with jurisdiction under Section 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A., § 2000e–16(c). The Court has afforded the parties a full and complete trial and has considered the briefs and arguments of counsel. Based thereon, it is the considered judgment of the Court that the defendant committed no unlawful employment practices in violation of plaintiff's civil rights. More specifically, the Court is convinced that plaintiff's nonselection as the District Director of the defendant's Pittsburgh Office was not based on any racially motivated reason.[1]

The facts may be briefly stated. Plaintiff, Richard A. Mellick, a white male and a former employee of the defendant, Equal Employment Opportunity Commission, applied for the position of District Director of the Equal Employment Opportunity Commission's Pittsburgh Office in December of 1972. The plaintiff was one of five persons certified as qualified for the position by the Equal Employment Opportunity Commission Office of Personnel and was interviewed for the position on February 28, 1973, by the selecting officer, A. Keith McDonald, Director of the Philadelphia Region of the Equal Employment Opportunity Commission.[2] Following the interview, plaintiff received a letter dated March 23, 1973, informing him of his nonselection. The record also reveals that the position was originally offered to Mr. Lorenzo Cole, a black male, who turned it down.

The plaintiff alleges that the person selected by the defendant to be the District Director of its Pittsburgh Office was not the best qualified nor was that person as qualified as the plaintiff. In fact, plaintiff asserts that the only reason that Mr. Eugene Nelson was selected over him was because Mr. Nelson was black and he was white. Defendant, on the other hand, contends that Mr. Nelson was selected for the position as District Director of their Pittsburgh Office because he was more qualified than plaintiff and because Nelson had more managerial and supervisory experience than the plaintiff.

For reasons which will now be discussed, the Court does not believe that the plaintiff has established by the fair preponderance of all the evidence that defendant discriminated against him because of his race.

The law is well settled that a plaintiff, charging that his rights have been violated under Title VII, is required to carry the burden of establishing a pri-

---

1. The cause of action based on retaliation was dismissed by this Court at the conclusion of the trial because plaintiff presented no evidence to establish that any act or course of conduct which amount to race discrimination, or that such was permitted to exist, could fall in the category of retaliation on the part of the representatives of defendant due to any previous association or communication which existed between the plaintiff and defendant.

2. Federal Personnel Manual, Chapter 335, Subchapter 3–7(c), provides in pertinent part:

   The selecting official is entitled to make his selection from any of the candidates on a promotion certificate, whether or not the candidates are presented in rank order, based on his judgment of how well the candidates will perform in the particular job . . . .

ma facie case that the defendant has engaged in unlawful employment practices in violation of Title VII. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Equally settled is the principle that statistics alone can establish a prima facie case of discrimination. *United States v. N. L. Industries, Inc.*, 479 F.2d 354 (8th Cir. 1973). In the instant proceeding the lopsided ratio of blacks to whites employed by defendant in its Philadelphia Region, as revealed by plaintiff's statistical evidence, clearly establishes a prima facie case of discrimination. However, these statistics only show that plaintiff has presented a prima facie case and do not in and of themselves establish proof of past or present discrimination. *United States v. Hayes International Corporation*, 456 F.2d 112 (5th Cir. 1972).

■ Once a prima facie case is established the burden then shifts to the defendant to articulate some nondiscriminatory reason for its refusal to hire plaintiff. *McDonnell Douglas Corp. v. Green*, (supra). Here, the defendant asserts that the person selected, Mr. Eugene Nelson, was more qualified for the position than the plaintiff. After affording the plaintiff a full and fair opportunity to prove that the basis for his nonselection was pretextual, the Court is convinced that such was not the case and that the defendant committed no unlawful employment practices in violation of Title VII and that plaintiff's nonselection was not racially motivated.

Although the plaintiff and Mr. Nelson were closely matched in many qualifications, there was, however, a big difference in supervisory and managerial experience between the two. Plaintiff's only experience in a supervisory capacity was with the Equal Employment Opportunity Commission's Cleveland Office where he held the position of supervisor of investigations for a little less than one and one-half years. During this period plaintiff was evaluated by his superior as weak in "motivating his subordinates to realize their full potential" and weak in "asserting supervisory authority."

The record reveals that Eugene Nelson, on the other hand, supervised substantially more people for a longer period of time and at a higher level than the plaintiff. Nelson had been a supervisor with the Pennsylvania Human Relations Commission since 1966. From 1970 until his selection as District Director of the defendant's Pittsburgh Office, he was managing and directing a large office and staff as well as directing the activities of the Pennsylvania Human Relations Commission in twenty-three counties in Pennsylvania. Mr. Nelson had been evaluated by his superior as consistently displaying his ability to perform at an exceptionally high level and setting an example of professionalism that was reflected in the conduct of his staff. No weaknesses were noted. The record further reflects that Nelson's work at the Pennsylvania Human Relations Commission was in many respects very similar to the work performed by his federal counterpart, the District Director of the Pittsburgh Office of the Equal Employment Opportunity Commission, in that their work involved processing, investigation, and conciliation of complaints of discrimination.

■ The Court, after considering all the evidence, can find nothing unlawful or discriminatory in the manner in which the District Director of the Pittsburgh Office was selected. The record reflects that the primary concern of the selecting official, was to find a person with both supervisory and managerial experience to fill the position of District Director. Since plaintiff's position as an Equal Opportunity Specialist with the United States Department of Defense did not involve any supervisory or managerial functions, an evaluation report from said employer would have been of no value to Mr. McDonald's inquiry into plaintiff's supervisory or managerial skills. The record also reveals that the selecting official, Mr. McDonald, discharged his duty in a most professional and impartial manner. The Court can find nothing unfair or discriminatory about Mr. McDonald's practice of only contacting the

ultimate supervisor of all the applicants. Mr. McDonald felt that the higher ranking officials have the final authority of all aspects of the employees work situation and they would be able to give him a more comprehensive picture of the employees total work and performance. Likewise, the mere fact that the position of District Director of the Pittsburgh Office was originally offered to a black person, Lorenzo Cole, without more, is in no way indicative of discriminatory conduct towards the plaintiff. A review of the record revealed that Mr. Cole's qualifications, experience, and abilities more than qualified him to be the District Director of defendant's Pittsburgh Office. Moreover, the record is devoid of any evidence showing that the defendant actively or affirmatively sought to hire blacks as opposed to whites. More important, however, the Court can find no evidence that would support plaintiff's contention that he was denied the position of District Director because he was white and that Eugene Nelson got it because he was black.

In addition, the Court, upon a closer examination of the record, is of the firm opinion that the apparent statistical disparity between blacks and whites employed by the defendant in its Philadelphia Region, is not a real one. The reason that there is a high number of blacks employed in the Philadelphia Region is because there is a high percentage of black applicants. Mr. McDonald, the Regional Director of the Equal Employment Opportunity Commission's Philadelphia Region, stated that on the basis of his observation 70–80% of the applicant flow was from black applicants. Since the primary purpose of the Equal Employment Opportunity Commission is to eliminate all types of employment discrimination, it would seem natural that the Commission would attract those very persons who have been the object of discriminatory employment practices for so many years. William H. Brown, III, former Chairman of the Commission, explained that the high number of black applicants was due to the unique mission

of the Commission as well as the fact that the Philadelphia Region has a higher proportion of black persons than are found in the nation as a whole. He also indicated that black persons in the Philadelphia Region have traditionally been involved in civil rights work.

In view of the above, the Court can only conclude that defendant did not discriminate against the plaintiff because of his race and that the defendant committed no unlawful employment practices in violation of plaintiff's civil rights.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.

## ORDER

AND NOW, this 19th day of April, 1976, judgment is hereby entered in favor of the defendant, Equal Employment Opportunity Commission, United States of America, and against the plaintiff, Richard A. Mellick.

Costs are to be paid by the plaintiff.